IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ROOSEVELT BELCHER., ) | |
| ) | |
| Plaintiff, ) | |
| ) | CASE NO. 1:17-cv-90-JTA |
| v. ) | |
| ) | |
| ANDREW SAUL, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court on a motion by counsel for Plaintiff Roosevelt Belcher ("Belcher") for an award of attorney fees pursuant to by 42 U.S.C. § 406(b). (Doc. No. 25.) Defendant Andrew Saul[1] ("Commissioner") has filed a response stating he does not oppose the motion. (Doc. No. 28.)

Upon review of the parties' submissions and having undertaken an independent review of the character of the representation and the results achieved by Plaintiff's counsel in this case, the Court finds that the motion is due to be granted.

### I.   DISCUSSION

Belcher retained attorney Anna King ("King") on February 10, 2017, for the purpose of appealing an adverse disability determination by the Social Security Administration to this court. (Doc. No. 25-1.) As is typical in this type of case, their

---

[1] Andrew Saul replaced the originally named defendant, Nancy Berryhill, as Commissioner of the Social Security Administration on June 17, 2019.

agreement called for Belcher to pay King "a fee for Federal Court work equal to 25% of the past-due benefits." (*Id.* at 1.) Due to King's advocacy, in February 2018, this court reversed the agency's administrative determination and remanded the case to the Commissioner pursuant to 42 U.S.C. § 405(g). (Doc. No. 18.)

In May 2018, Belcher sought and was ordered by the court to receive an award of attorney fees under the Equal Access to Justice Act ("EAJA") in the amount of $4,565.53. (Docs. No. 20, 21, 24.) Belcher however did not receive that award because the United States Department of Treasury, Bureau of the Fiscal Service applied the entire amount to the delinquent debt he owed to the Pike County Department of Human Services to cover his child support obligations. (Doc. No. 25-2.)

Belcher prevailed on remand when the Commissioner issued a fully favorable decision on November 19, 2019. (Doc. No. 25-3.) The Commissioner informed him that he was entitled to retroactive benefits of $42,560.52 and 25% of that amount, or $10,640.13, was withheld to pay an attorney's fee. (Doc. No. 25 at ¶ 3; Doc. No. 25-3 at 3.) King urges the court to award her attorney's fees in the amount of $10,640.13 because of the contingent fee agreement with Belcher, she prevailed in Belcher's favor on remand, and she did not receive the ordered EAJA fees. (Doc. No. 25.) King submits that she has spent 23.2 hours on this civil litigation and that the requested fee is fair and reasonable. (*Id.* at ¶ ¶ 6-7.)

## II.    APPLICABLE LAW

Section 406(b)(1)(A) provides in relevant part as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.  In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A).  The statute further provides that it is unlawful for an attorney to charge, demand, receive, or collect for services "rendered in connection with proceedings before a court . . . any amount in excess of that allowed by the court."  *See id.*; 42 U.S.C. § 406(b)(2).

To receive a fee under this statute, an attorney must seek court approval of the proposed fee, even if there is a fee agreement between the attorney and the client.  The Eleventh Circuit has held that "§ 406(b) authorizes an award of attorney's fees where the district court remands the case to the Commissioner of Social Security for further proceedings, and the Commissioner on remand awards the claimant past-due benefits." *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277 (11th Cir. 2006).  Because Belcher was awarded past-due benefits following remand, the court may award attorney's fees under § 406(b).  *Culbertson v. Berryhill*, _ U.S. _, 139 S. Ct. 517 (2019).

The court must determine whether a fee requested under 42 U.S.C. § 406(b) is reasonable.  *Gisbrecht v. Barnhart*, 535 U.S. 789, 809 (2002).  The Eleventh Circuit cited *Gisbrecht* to explain that contingent-fee agreements are presumptively reasonable, but that

3

"§ 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gossett v. Soc. Sec. Admin., Comm'r*, 812 F. App'x 847, 850 (11th Cir. 2020) (quoting *Gisbrecht*, 535 U.S. at 807). Courts should evaluate an attorney's requested fee based on the "character of the representation and the results the representative achieved," and may reduce a windfall fee award if "the benefits are large in comparison to the amount of time counsel spent on the case." *Gossett*, 812 F. App'x at 850 (quoting *Gisbrecht*, 535 U.S. at 808). An attorney for a successful claimant has the burden to demonstrate the reasonableness of the requested fee. *Gisbrecht*, *id*. at 807.

Here, King is seeking $10,640.13 in attorney's fees for 23.2 hours on this civil litigation over a one-year period. Considering King sought a smaller attorney's award under the EAJA but was unable to receive the award due to Belcher's child support arrears, the contingent fee agreement between Belcher and King, and the favorable results achieved by King in this matter, the Court concludes that the requested fee is reasonable in this case. Moreover, the Commissioner does not object to the award[2] and the Court's judgment about reasonableness is informed by *Gisbrecht*'s conclusion that Congress did not mean to "outlaw" lawful contingent fee agreements. King is experienced in representing Social Security claimants and in addition to securing a fully favorable decision for Belcher, has

---

[2] The Commissioner's Response clarifies that he is not the true defendant for purposes of this motion, rather, "it is an action by Plaintiff's attorney against Plaintiff's own financial interests (a portion of his past-due benefits)." (Doc. No. 28 at 1.) The Commissioner explains that his role is akin to that of a trustee for Plaintiff. (*Id*. at 2 (citing *Gisbrecht*, 535 U.S. at 798).)

4

represented over 100 Social Security claimants in this court. Consequently, the Court concludes that payment in the amount of $10,640.13 is reasonable under the circumstances of this case.

### III.   CONCLUSION

Accordingly, it is

ORDERED that, pursuant to 42 U.S.C. § 406(b), the Motion for Award of Attorney Fees (Doc. No. 25) is hereby GRANTED and the Commissioner shall pay to Anna King, Belcher's attorney, $10,640.13 of the amount previously withheld from his past-due benefits.

DONE, this 27th day of August, 2020.

/s/ Jerusha T. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE